IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| RONALD CHANNEL, | |
| Plaintiff, | |
| vs. | CV 317-060 |
| JOHNNY SMITH, in both his individual and official capacities, LAURENS COUNTY, and JOHN DOES 1-3, | |
| Defendants. | |

O R D E R

In the captioned matter, Defendants Johnny Smith and Laurens County have moved for judgment on the pleadings as to all of Plaintiff's federal and state law claims arising out an altercation between Defendant Smith and Plaintiff Ronald Channel.

On August 3, 2015, Plaintiff, a pre-trial detainee, was escorted unrestrained through the Laurens County Jail by a Laurens County Sheriff's Deputy, Defendant Johnny Smith.[1] The subject incident that occurred between Plaintiff and Defendant Smith is captured on a videotape. Plaintiff claims not only

---

[1] Defendant Smith was also escorting another inmate at that time but the other inmate was not involved in the incident. This is not to say that the presence of two unrestrained inmates cannot factor into the ultimate analysis of excessive force, but for present purposes, the second inmate is not a consideration.

that the altercation was unnecessary, excessive and provoked by Defendant Smith, he also claims to have severely injured his back during the incident, an injury to which Defendants were deliberately indifferent. Thus, Plaintiff has asserted federal claims of excessive force and deliberate indifference under 42 U.S.C. § 1983 and state law claims of failure to provide medical care, negligence and battery.

Defendants removed Plaintiff's case to this Court on October 25, 2017. On November 1, 2017, Defendants filed the present motion for judgment on the pleadings and an answer to the complaint. Defendants attached to their answer Plaintiff's medical records from the Laurens County Jail as well as the videotape. (Ans., Doc. No. 4, Exs. 3 & 4.) Defendants also sought and received a stay of this action pending a ruling on the motion for judgment on the pleadings. (See Order of Nov. 6, 2017, Doc. No. 8.) Thus, no discovery has been conducted in the case.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), like a motion to dismiss under Rule 12(b)(6), does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoted source omitted). In consideration of the motion, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). Motions for judgment on the pleadings "have their most utility when 'all material allegations of fact are admitted in the pleadings and only questions of law remain.'" Mathis v. Velsicol Chem. Corp., 786 F. Supp. 971, 973 (N.D. Ga. 1991) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 510 (1990)).

In the case at bar, Defendants' motion does not attack the sufficiency of Plaintiff's complaint *per se*; rather, Defendants claim that the video and medical records attached to their answer demonstrate, as a matter of law, that Plaintiff cannot establish his claims and that they are entitled to certain immunity defenses. Stated another way, Defendants ask the Court to review the video and the medical records and declare from the facts established by these materials that their conduct was lawful in all respects.

In considering a motion for judgment on the pleadings, the Court will consider only "the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac

Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). To determine what is part of the pleadings, the Eleventh Circuit follows an "incorporation by reference" rule whereby a document attached to an answer may be considered if it is (1) central to the plaintiff's claim, and (2) undisputed. Horsley, 304 F.3d at 1134. With respect to the video, it is true that Plaintiff alleges in his complaint that the "relevant interactions between Plaintiff and Defendant Smith was video recorded." (Compl., Doc. No. 1-1, ¶ 12.) However, the video is not central to his claims because Plaintiff can state a claim for excessive force regardless of whether the altercation was video recorded or not. The same can be said of the medical records. Plaintiff's claim is one of a failure of care. While medical records eventually may undermine his claim, his claim is not in any way dependent upon the medical records. Also, according to Plaintiff, the medical records may not be complete; thus, the Court may not have the full picture of Plaintiff's medical care. In short, while Defendants attach the video and the medical records to their answer, this Court concludes that they are matters outside of the pleadings. Without consideration of these items, Defendants have not shown that Plaintiff cannot state a claim for relief.

4

Moreover, whether an officer has used excessive force is determined by asking "whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." Zivojinovich v. Barner, 525 F.3d 1059, 1072 (11th Cir. 2008) (quoted source omitted). The Court must assess "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." Lee v. Ferraro, 284 F. 3d 1188, 1197 (11th Cir. 2002). Analysis of the reasonableness of an officer's use of force "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989). The Court has viewed the videotape several times and concludes that the claim of excessive force boils down to less than ten seconds of interaction between the parties. At this juncture in the case, the Court will not make a reasonableness determination precluding Plaintiff's claim as a matter of law based upon this ten-second interaction alone. The procedural mechanism of Rule 12(c) is simply not intended to resolve the claim as presented herein.

The filing of the motion is not for naught because Plaintiff clarified the exact nature of his claims. In

response to Defendants' arguments in brief, Plaintiff responded as follows:

> Defendant Smith, while having custodial control of Plaintiff pushed Plaintiff to start a fight with him. After seriously injuring Plaintiff's back and causing him extreme difficulty to move (he is now in a medical prison), Defendants failed to provide him adequate medical care.
>
> This amounts to state law claims against both Defendant Laurens County and against Defendant Smith in his individual capacity, and federal claims against Defendant Smith, for violations of Plaintiff's federal constitutional rights. . . .
>
> To the extent Defendants are arguing that Plaintiff is pursuing claims against any other entities, Defendants are mistaken.

(Pl.'s Br. in Resp. to Defs.' Mot. for J. on the Pleadings, Doc. No. 12, at 2.) In light of this statement, the Court **DISMISSES** Defendants John Does 1-3. The Clerk is directed to **TERMINATE** the John Doe Defendants in the case record.

Further, because Plaintiff's federal claims of excessive force and deliberate indifference are only against Defendant Smith, Defendant Smith may only be sued in his individual capacity. A suit against a sheriff's deputy in his official capacity is a suit against the sheriff, not the county. Manders v. Lee, 338 F.3d 1304, 1311 (11th Cir. 2003) (en banc). Because the Sheriff of Laurens County is not a party to this lawsuit, Plaintiff has not stated a federal claim against Defendant Smith in his official capacity. Consequently, Plaintiff's federal claims of excessive force and deliberate

6

indifference will proceed only against Defendant Smith in his individual capacity.

Finally, Defendants contend that Plaintiffs' claims are barred by the applicable statute of limitation. The statute of limitation for all of Plaintiff's claims, both state and federal, is two years. O.C.G.A. § 9-3-33 (statute of limitation for personal injury suit is two years); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (holding that Georgia's two-year statute of limitation applies to § 1983 claims); Thompson v. Corrections Corp. of Am., 485 F. App'x 345, 346-47 (11th Cir. 2012) (same).

In this case, Plaintiff's cause of action accrued on August 3, 2015; thus, the statute of limitation ran on August 3, 2017. While Plaintiff filed the lawsuit on July 26, 2017, prior to the limitation period, in Georgia the mere filing of a complaint does not toll the statute of limitation. Rather, to stop the limitation clock in Georgia, a plaintiff must file and serve the defendant (1) within five days, or (2) after five days if the plaintiff is reasonable and diligent in perfecting service. Jackson v. Nguyen, 484 S.E.2d 337, 338 (Ga. Ct. App. 1997)[2] (stating that if the plaintiff is in any way guilty of laches, then the case would be time-barred); Nee v. Dixon, 405 S.E.2d 766, 767 (Ga. Ct. App. 1991) ("Where

---

[2] overruled on other grounds, Giles v. State Farm Mut. Ins. Co., 765 S.E.2d 413 (Ga. Ct. App. 2014).

7

service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to [e]nsure that a proper service was made as quickly as possible. . . . The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion . . . ." (quoted source omitted)).

The Georgia service requirement does not apply to Plaintiff's federal claims under § 1983 however. Tillman v. Georgia, 466 F. Supp. 2d 1311, 1316 (S.D. Ga. 2006) (relying upon West v. Conrail, 481 U.S. 35, 38-39 (1987)); Johnson v. Conway, 2015 WL 4077731, *8-9 (N.D. Ga. July 6, 2015) (citing Tillman), vacated in part on other grounds upon reconsideration, 2015 WL 13307482 (N.D. Ga. Aug. 31, 2015); accord Flood v. City of Jacksonville, 263 F. Supp. 3d 1213, 1222-23 (N.D. Ala. 2017); Robinette v. Johnston, 637 F. Supp. 922, 924-25 (M.D. Ga. 1986) (finding that the diligence in service requirement under Georgia law does not apply to the plaintiff's § 1983 claim). Thus, Plaintiff's federal claims under § 1983 are not time-barred.

Plaintiff's state law claims, however, are subject to Georgia's diligence in service requirement. Robinette, 637 F. Supp. at 925 (citing Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983)). This is because an action based on state law which would be barred in the state courts should not be permitted to proceed in federal court solely because the state law claim is in federal court through supplemental jurisdiction. See id. ("Plaintiff should not be able to circumvent Georgia law, even inadvertently, by attaching a state claim to a federal cause of action."). Thus, this Court must examine whether Plaintiff in the instant case was diligent in service of the complaint.

As mentioned, Plaintiff filed his complaint on July 26, 2017. Defendant Smith was not served until September 26, 2017, two months later. Defendant Laurens County was not served until October 23, 2017, nearly three months later. In response to this significant time lapse, Plaintiff contends that he did all that he must when he ensured that the sheriff's office, the serving entity, received a proper summons and complaint for service on the same day the suit was filed, July 26, 2017. In support thereof, Plaintiff cites Lee v. Kim, 622 S.E.2d 99 (Ga. Ct. App. 2005),[3] and Richardson v. Greyhound Lines, Inc., 2014 WL 12489759 (N.D. Ga. Nov. 24, 2014).

---

[3] overruled on other grounds, Giles, 765 S.E.2d 413.

Having reviewed these cases, the Court agrees that Plaintiff "did all that was required of him when he supplied the sheriff's office with the correct service address for [Defendants] with the filing of the complaint." See Lee v. Kim, 622 S.E.2d at 101 (quoted in Richardson, 2014 WL 12489759, at *2). Defendants herein attempt to distinguish Lee v. Kim and Richardson by pointing out that the time lapse attributable to the sheriff in those cases was only two weeks, as opposed to two and three months. Defendants then insist that given the more significant time lapse in this case, Plaintiff is required to show greater diligence by taking "steps to determine why no service had been made." (Defs.' Reply Br. at 12.) The Lee v. Kim court did not so hold. Rather, the Georgia Court of Appeals stated that "a plaintiff who gives the correct address to the sheriff (and who has no reason to believe there is a problem with service) may rely on the sheriff's office to timely serve the process papers." 622 S.E.2d at 101. In fact, the Georgia court cited with approval Morse v. Flint River Cmty. Hosp., 450 S.E.2d 253, 255 (Ga. Ct. App. 1994), which stated: "Until [a plaintiff] receive[s] some notice that the sheriff [i]s unable to locate a defendant, that a defendant's address [i]s incorrect, or that service [i]s not possible for some other reason, [the plaintiff] could reasonably rely on the clerk and the sheriff to fulfill their duties." 622 S.E.2d at 101. The Lee v. Kim court also cited

with approval Jackson v. Nguyen, 484 S.E.2d at 339, which reversed a trial court's dismissal of an action on statute of limitation grounds because "[t]he trial court . . . made no finding of laches, lack of diligence, or any other factor *other than* that the plaintiffs had relied on the sheriff to perfect service in the time expressly directed by statute." 622 S.E.2d at 101 (emphasis added). Similarly, in the case at bar, Defendants' only evidence of lack of diligence on Plaintiff's part is that Plaintiff relied on the sheriff to perfect service. According to the Georgia Court of Appeals, this reliance as the sole basis for a finding of laches is not sufficient. Therefore, Plaintiff's state law claims are not barred by the statute of limitations.

Upon the foregoing, Defendants' motion for judgment on the pleadings (doc. no. 6) is **DENIED**. As directed by the United States Magistrate Judge in the Order of November 6, 2018, the parties shall confer as required by Local Rule 26.1 within seven (7) days hereof, and they shall submit a joint Rule 26(f) Report within fourteen (14) days hereof.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE